No. 23-30445

# In the United States Court of Appeals for the Fifth Circuit

STATE OF MISSOURI; STATE OF LOUISIANA; AARON KHERIATY; MARTIN KULLDORFF; JIM HOFT; JAYANTA BHATTACHARYA; JILL HINES,
*Plaintiffs-Appellees*,

*v.*

JOSEPH R. BIDEN, JR.; VIVEK H. MURTHY; XAVIER BECERRA; DEPARTMENT OF HEALTH & HUMAN SERVICES; ANTHONY FAUCI, *et al.*,
*Defendants-Appellants,*

On Appeal from the United States District Court
for the Western District of Louisiana
No. 3:22-cv-1213 (Hon. Terry A. Doughty)

**MOTION FOR LEAVE TO FILE *AMICUS* BRIEF IN SUPPORT OF APPELLANTS**

JOHN B. BELLINGER III
ELISABETH S. THEODORE
R. STANTON JONES
STEPHEN K. WIRTH
ARNOLD & PORTER
 KAYE SCHOLER LLP
601 Massachusetts Ave., NW
Washington, DC 20001
(202) 942-5000
john.bellinger@arnoldporter.com

**SUPPLEMENTAL CERTIFICATE OF INTERESTED PERSONS**

Pursuant to Fifth Circuit Rule 29.2, the undersigned counsel of record for movants Leland Stanford Junior University, Alex Stamos, and Renée DiResta certifies that the following listed persons and entities, in addition to those listed in Appellants' and Appellees' Certificates of Interested Persons, have an interest in this motion and attached brief. These representations are made in order that judges of this Court may evaluate possible disqualification or recusal.

*Parent of Movants*: Leland Stanford Junior University is a private research university. It has no parent corporation, nor is there any publicly held company that owns 10% of its stock.

Alex Stamos and Renée DiResta are natural persons.

*Counsel for Movants*: John B. Bellinger III, Elisabeth S. Theodore, R. Stanton Jones, and Stephen K. Wirth.

/s/ <u>John. B. Bellinger III</u>
John B. Bellinger III

*Counsel for Amici Curiae*

i

Pursuant to Federal Rule of Appellate Procedure 29(a)(3) and Fifth Circuit Rule 29, Leland Stanford Junior University, Alex Stamos, and Renée DiResta ("Movants") respectfully move this Court for leave to file the accompanying brief as *amici curiae* in support of Appellants. All parties have consented to Movants' filing of an *amicus* brief.[1]

## I. Interests of *Amici Curiae*

Leland Stanford Junior University (Stanford) is a private research university located in Stanford, California, that enrolls over 17,000 students in a broad array of undergraduate and graduate programs. Stanford is home to the Stanford Internet Observatory (SIO), a cross-disciplinary program that studies abuse in information technologies, especially potentially harmful information on social media. SIO was a founding member of the Election Integrity Partnership (EIP) and the Virality Project (VP), organizations that tracked and studied misinformation, disinformation, and rumors concerning U.S. elections and COVID-19 vaccines, respectively. SIO's director is Alex Stamos, and its research manager is Renée DiResta.

---

[1] No party's counsel authored this motion or the attached *amicus* brief in whole or in part. Nor did any party or party's counsel, or any other person other than Movants or their counsel, contribute money that was intended to fund preparing or submitting this brief.

Movants were not named as defendants in this lawsuit, but assertions about their conduct appear throughout the underlying complaint, which alleges that Movants conspired with federal officials to censor speech on social media. Movants also feature prominently in the district court's preliminary injunction decision below. The court found that SIO's, EIP's, and VP's "actions are relevant" to this lawsuit, despite not being parties, "because government agencies have chosen to associate, collaborate, and partner with these organizations." ROA.26568. And the district court enjoined the government from "collaborating, coordinating, partnering, switchboarding, and/or jointly working with the Election Integrity Partnership, the Virality Project, [or] the Stanford Internet Observatory … for the purpose of urging, encouraging, pressuring, or inducing in any manner removal, deletion, suppression, or reduction of content posted with social-media companies containing protected free speech." ROA.26613. The district court's injunction, though binding only on the named defendants, plainly implicates Movants' own interests.

Moreover, Movants have been named as defendants in a separate lawsuit brought by two of the plaintiffs in this action, Jill Hines and Jim Hoft, which is pending before the same district court. *See Hines v. Stamos*, No.

3:23-cv-571 (W.D. La.). That lawsuit seeks to hold Movants liable for violating the plaintiffs' First and Fourteenth Amendment rights (notwithstanding the fact that Movants are not state actors but rather a private university and two academics), and it seeks to enjoin Movants from communicating with the government and with social media platforms. The district court's findings in this case bear on Movants' interests in the lawsuit filed against them.

## II.   Relevance and Desirability of the Movants' Brief

Movants respectfully request leave to submit an *amicus* brief to correct the numerous erroneous findings that the district court made with respect to Movants' alleged conduct and SIO's, EIP's, and VP's work. Movants are best situated to correct those erroneous findings and to explain the work these organizations do to study and research the abuse of the internet in real time and to translate their research discoveries into training and policy innovations for the public good. In particular, Movants' brief will provide the Court with valuable context about the SIO's, EIP's, and VP's work to study and respond to mis- and disinformation regarding U.S. elections and the COVID-19 vaccines, as well as these private research organizations' contacts with social media platforms and federal, state, and local government actors.

Movants' proposed *amicus* brief also will explain the deleterious ef-

fects of the district court's preliminary injunction on their own free speech and petition rights. Although the district court's injunction binds only the named federal agencies and officials, the injunction significantly burdens Movants' ability to communicate with the government on matters of exceptional public concern and threatens Movants with civil liability for their own constitutionally protected speech. Movants' perspective on these collateral harms will assist the Court in determining the First Amendment questions presented in this appeal.

## CONCLUSION

For the foregoing reasons, Movants respectfully request that the Court grant this motion for leave and accept for filing the *amicus curiae* brief submitted with this motion.

| | |
|---|---|
| Dated: July 28, 2023 | Respectfully submitted, |
| | /s/ *John B. Bellinger III* |
| | JOHN B. BELLINGER III |
| | ELISABETH S. THEODORE |
| | R. STANTON JONES |
| | STEPHEN K. WIRTH |
| | ARNOLD & PORTER |
| |   KAYE SCHOLER LLP |
| | 601 Massachusetts Ave., NW |
| | Washington, DC 20001 |
| | (202) 942-5000 |
| | john.bellinger@arnoldporter.com |

4

## CERTIFICATE OF SERVICE

I hereby certify that, on July 28, 2023, I electronically filed the foregoing motion with the Clerk of the Court by using the appellate CM/ECF system. I further certify that the participants in this case are CM/ECF users and that service will be accomplished by using the appellate CM/ECF system.

Dated: July 28, 2023                    */s/ John B. Bellinger III*
                                         John B. Bellinger III

                                         *Counsel for Amici Curiae*

## CERTIFICATE OF COMPLIANCE

This motion contains 706 words, excluding the parts of the motion exempted by Rules 27(a)(2)(B) and 32(f) of the Federal Rules of Appellate Procedure. This motion complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because it has been prepared in a proportionally spaced typeface (14-point Century font) using Microsoft Word.

Dated: July 28, 2023

/s/ *John B. Bellinger III*
John B. Bellinger III

*Counsel for Amici Curiae*