No. 23-30445

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

STATE OF MISSOURI; STATE OF LOUISIANA; AARON KHERIATY; MARTIN KULLDORFF; JIM HOFT; JAYANTA BHATTACHARYA; JILL HINES,

Plaintiffs-Appellees,

v.

JOSEPH R. BIDEN, JR.; VIVEK H. MURTHY; XAVIER BECERRA; DEPARTMENT OF HEALTH & HUMAN SERVICES; ANTHONY FAUCI, et al.,

Defendants-Appellants.

On Appeal from the United States District Court
for the Western District of Louisiana

**EMERGENCY MOTION UNDER CIRCUIT RULE 27.3
FOR A PARTIAL STAY PENDING ISSUANCE OF THE MANDATE
OR FOR ISSUANCE OF THE MANDATE FORTHWITH**

BRIAN M. BOYNTON
  *Principal Deputy Assistant Attorney General*

BRANDON BONAPARTE BROWN
  *United States Attorney*

DANIEL TENNY
DANIEL WINIK
SIMON C. BREWER
  *Attorneys, Appellate Staff*
  *Civil Division, Room 7245*
  *U.S. Department of Justice*
  *950 Pennsylvania Avenue NW*
  *Washington, DC 20530*
  *(202) 305-8849*

## CERTIFICATE OF INTERESTED PERSONS

*Missouri v. Biden*

A certificate of interested persons is not required under Fifth Circuit Rule 28.2.1 as appellants are all governmental parties.

*/s/ Daniel Winik*
Daniel Winik

The government respectfully moves for a partial stay of the preliminary injunction entered by the district court, to the extent that injunction is inconsistent with this Court's September 8 ruling, pending the issuance of this Court's mandate. In the alternative, the government respectfully moves for issuance of the mandate forthwith. One of those forms of relief is necessary to avoid allowing the preliminary injunction entered by the district court to take effect upon the expiration of the ten-day administrative stay entered by this Court even though this Court concluded that the injunction should be vacated in part and that the remaining portion of the injunction should be modified. We respectfully request that the Court act on this motion no later than Wednesday, September 13, because the nature of the injunction that will take effect upon the expiration of the administrative stay will inform any request for relief the government may file in the Supreme Court.

1. The preliminary injunction from which this appeal arises, entered by the district court on July 4, remained in effect for only ten days, at which point a motions panel of this Court administratively stayed it, while referring the government's motion for a stay pending appeal to the merits panel. On September 8, the merits panel issued an opinion vacating the injunction in part and concluding that the remainder must be modified. This Court held, in relevant part, that the injunction was "broader than necessary to remedy the Plaintiffs' injuries," Op. 66; that it lacked the specificity required by Federal Rule of Civil Procedure 65 to give federal officials fair notice as to when

their "actions cross[ed] the line," Op. 67; and that certain defendants should be excluded from the injunction, Op. 72.

2.  To seek to address those issues, this Court's opinion limited the number of defendants subject to the injunction, vacated nine of the injunction's ten prohibitions, and modified the terms of the remaining prohibition in order to "exclusively target" what the Court regarded as "illegal conduct" and to "provide the officials with additional guidance or instruction on what behavior is prohibited." Op. 69. But these modifications did not take immediate effect. The docket indicates that—consistent with Federal Rule of Appellate Procedure 41(b)—the mandate will not issue until October 31. "Absent the issuance of a mandate, the original district court judgment remain[s] in effect," because this Court's decisions "are not final" until the mandate issues. *Comer v. Murphy Oil USA, Inc.*, 718 F.3d 460, 468 (5th Cir. 2013) (quotation marks omitted).

3.  The Court denied "as moot" the government's pending motion to stay the injunction pending appeal. Op. 74. But this Court's opinion did not render the motion moot because its modifications to the injunction will not take effect until this Court issues its mandate.

4.  This Court also extended the existing administrative stay—but only for ten days, through September 18, to allow the Solicitor General to consider whether to seek relief from the Supreme Court. The apparent result is that unless this Court, the district court, or the Supreme Court were to take further action, the preliminary

injunction as entered by the district court would take effect on September 19 and remain in effect until the issuance of this Court's mandate. That outcome would be flatly inconsistent with this Court's ruling and with principles of orderly judicial administration, and it should unquestionably be avoided. This Court could avoid it in one of two ways.

5. First, this Court could enter a partial stay of the preliminary injunction, to the extent it is inconsistent with this Court's ruling, pending the issuance of the mandate. The government is entitled to such a stay under the ordinary standard, *Nken v. Holder*, 556 U.S. 418, 426 (2009), because this Court has already held that the government's appeal from the injunction succeeded to the extent of the proposed stay, and because the Court's opinion makes clear that the government would suffer harm by being prohibited "from engaging in legal conduct," Op. 66.

6. In the alternative, the Court could direct the clerk to issue the mandate forthwith. *See* 5th Cir. R. 41 I.O.P. ("[T]he clerk will immediately issue the mandate … in such … instances as the Court may direct.") (capitalization omitted). The Court has previously taken that approach when vacating a preliminary injunction, presumably to avoid the anomaly presented here. *See Dennis Melancon, Inc. v. City of New Orleans*, 703 F.3d 262, 280 (5th Cir. 2012) (vacating a preliminary injunction, remanding for further proceedings, and specifying that "[t]he mandate shall issue forthwith"); *LULAC v. City of Boerne*, 675 F.3d 433, 441 (5th Cir. 2012) (vacating an order modifying a consent decree, denying the appellant's motion for a stay as moot, and specifying that "[t]he mandate shall issue forthwith").

7. As between these options, a partial stay would be preferable, as it would give immediate effect to this Court's modification of the injunction without otherwise altering the course of appellate proceedings. But either form of relief would avoid the improper result of allowing the district court's preliminary injunction to regain effect even after having been held invalid by this Court.

        Respectfully submitted,

        BRIAN M. BOYNTON
           *Principal Deputy Assistant Attorney General*

        BRANDON BONAPARTE BROWN
           *United States Attorney*

        DANIEL TENNY

        */s/ Daniel Winik*
        DANIEL WINIK
        SIMON C. BREWER
           *Attorneys, Appellate Staff*
           *Civil Division, Room 7245*
           *U.S. Department of Justice*
           *950 Pennsylvania Avenue NW*
           *Washington, DC 20530*
           *(202) 305-8849*
           *Daniel.L.Winik@usdoj.gov*

## CERTIFICATE OF COMPLIANCE

Pursuant to Federal Rule of Appellate Procedure 32(g), I certify that this motion complies with Federal Rule of Appellate Procedure 27(d)(1)(E) because it has been prepared in 14-point Garamond, a proportionally spaced font, and that it complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 856 words, according to Microsoft Word.

I further certify that this emergency motion complies with the requirements of Fifth Circuit Rules 27.3 and 27.4 because it was preceded by telephone calls to the Clerk's Office and to the offices of opposing counsel, advising of our intent to file it. Plaintiffs intend to file an opposition. I further certify that the facts supporting emergency consideration of this motion are true and complete.

*/s/ Daniel Winik*
Daniel Winik
